**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 04-4854**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSEPH LEVI PLUMBER,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  William L. Osteen, District Judge.  (CR-04-24)

─────────────

Submitted:  May 27, 2005          Decided:  July 6, 2005

─────────────

Before WILLIAMS, MICHAEL, and GREGORY, Circuit Judges.

─────────────

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

─────────────

Louis C. Allen, III, Federal Public Defender, Gregory Davis, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Paul A. Weinman, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Joseph Levi Plumber pled guilty to transporting a stolen vehicle in interstate commerce in violation of 18 U.S.C. §§ 2, 2312 (2000), and using an unauthorized access device to obtain over $1000 worth of things in violation of 18 U.S.C. §§ 2, 1029(a)(2), (c)(1)(A)(i) (2000).  On August 24, 2004, Plumber was sentenced to serve concurrent terms of thirty-one months' imprisonment, to pay $5919 restitution, and to serve concurrent terms of three years' supervised release.  Plumber objected to the district court's consideration of certain relevant conduct in determining his sentence, arguing that Blakely v. Washington, 124 S. Ct. 2531 (2004), applied to the federal sentencing guidelines.  The district court overruled the objection.  Plumber appealed his sentence, alleging that in light of the Supreme Court's subsequent decision in United States v. Booker, 125 S. Ct. 738 (2005), his sentence violates the Sixth Amendment and that the district court erred in applying the guidelines as mandatory.  He argues that his sentence should be vacated and his case remanded for resentencing in accord with Booker.

In Booker, the Supreme Court held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court, by a preponderance of the evidence, violated the Sixth Amendment.  Booker, 125 S. Ct. at 746, 750 (Stevens, J., opinion of

the Court).  The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C.A. § 3553(b)(1) (West Supp. 2004) (requiring sentencing courts to impose a sentence within the applicable guideline range), and 18 U.S.C.A. § 3742(e) (West 2000 & Supp. 2004) (setting forth appellate standards of review for guideline issues), thereby making the guidelines advisory.  Booker, 125 S. Ct. at 756-57 (Breyer, J., opinion of the Court).  The Government states in its appellate brief that it agrees the district court erred and requests resentencing.

We therefore affirm the conviction, vacate the sentence imposed by the district court, and remand for resentencing consistent with Booker.[*]  Although the sentencing guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing."  Booker, 125 S. Ct. at 767.  On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination.  See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005) (applying Booker on plain error review).  The court should consider this sentencing range along with the other factors

---

[*]Just as we noted in United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Plumber's sentencing.  See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence. <u>Id</u>. If that sentence falls outside the guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000). <u>Id</u>. The sentence must be "within the statutorily prescribed range and . . . reasonable." <u>Id</u>. at 546-47. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>,<br>
<u>VACATED IN PART, AND REMANDED</u>
